**Andrew GOLDEN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44349.**

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Rehearing Denied Feb. 9, 1972.

Yates & Yates, by Jack M. Yates, Abilene (On Appeal Only), for appellant.

Ed Paynter, Dist. Atty., and Lynn Ingalsbe, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of passing as true a forged instrument.

Punishment was assessed by a jury at 5 years.

First, appellant contends that the evidence is insufficient to show that the instrument in question was a forgery or to show that appellant knew such instrument was a forgery.

Mrs. Miltrue Collins, the complaining witness, testified that she and her husband

operate a barbecue business in the City of Abilene; that appellant was a customer of that business; and that appellant was in her place of business on November 27, 1969, bought five dollars worth of barbecue, and paid for it with a check. The check was a counter check of the First State Bank of Abilene; was payable to appellant, and was signed by E. C. McKinley, whose address appeared on the check as 1822 Glenwood. Also appearing on the check was an account number. The check was payable for the sum of $20.00. Mrs. Collins further testified that appellant endorsed the check in her presence, that she deposited the check in the bank, and that the check was returned to her with a note saying that no such account existed. Mrs. Collins then located appellant who told her that E. C. McKinley was an insurance man.

Lowell Maxey, an officer of the bank and custodian of the records, testified that the account number on the check had never been a valid account number in the bank and that there was no record of a depositor with the name E. C. McKinley in the bank's history.

Fernando B. Rocha, Special Investigator for the District Attorney's Office, Deputy Sheriff Ray Trammell, and Deputy Sheriff Otis Wiley testified that there was no 1822 Glenwood Street in Abilene and that they were unable to locate anyone who had heard of or knew the whereabouts of E. C. McKinley.

Jimmy Partin testified that he had been in the insurance business in Abilene since 1946, that he was acquainted with most of the people in that business in that area, and that, to the best of his knowledge, he had never heard of anyone by the name of E. C. McKinley.

Appellant contends that the state did not introduce sufficient evidence to show that E. C. McKinley did not actually exist and therefore failed to prove the check was a forgery. There was sufficient evidence for the trial court to submit and for the jury to find that the name signed to the check was that of a fictitious person. Wood v. State, Tex.Cr.App., 440 S.W.2d 640; Acuff v. State, Tex.Cr.App., 433 S. W.2d 902.

Viewing the evidence in the light most favorable to the jury's verdict, we conclude there was sufficient evidence to show that appellant knew the check was forged. His possession and passing of the forged check; his statement to Mrs. Collins that E. C. McKinley was an insurance man, and the state's evidence refuting this claim are sufficient to support the verdict. It should be noted that the jury was charged both on circumstantial evidence and on knowledge. Fifer v. State, Tex. Cr.App., 451 S.W.2d 757; Hilton v. State, Tex.Cr.App., 443 S.W.2d 843; Castanuela v. State, Tex.Cr.App., 435 S.W.2d 146.

Next, appellant complains that the trial court erred "in failing to apply the law of circumstantial evidence to the facts of the case in making its charge to the jury." There was no objection to the court's charge and no requested charge filed pursuant to Articles 36.14 and 36.15 Vernon's Ann.C.C.P. No error is shown.

Appellant also complains of the procedure employed by the state at the punishment stage of the trial to prove four previous convictions of appellant for swindling by check. The only objection to this procedure was that a proper predicate had not been laid under the Business Records Act for the admission of the exhibits in question. He is now contending that the procedure utilized and the exhibits introduced [1] showed extraneous offenses which did not result in prior conviction. Error, if any, has not been properly preserved. See, Frey v. State, Tex.Cr.App., 466 S.W.

---

[1]. The exhibits in question are a fingerprint record of the Taylor County Jail and a judgment against appellant for misdemeanor offense of defrauding by a worthless check.

2d 576; Brown v. State, Tex.Cr.App., 460 S.W.2d 925.

■ Finally, appellant argues that there is a fatal variance between the indictment and proof in that the indictment alleged the passing of a forged instrument to "Miltrue Collins" whereas the proof showed a passing of the instrument in question to "Mrs. Miltrue Collins." The record reflects that Mrs. Collins' Christian name is "Miltrue." No material variance exists. Art. 21.07, V.A.C.C.P.

There being no reversible error, the judgment is affirmed.