**Richard Powell COLBURN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47593.**

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Frank L. Supercinski, Longview, for appellant.

Ralph Prince, Dist. Atty., Longview, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

This is an appeal from an order revoking probation.

On March 27, 1970, the appellant, after a plea of guilty to the offense of forgery, was found guilty and his punishment was assessed by the Court at seven years' imprisonment, probated. On April 16, 1973, after a hearing, the State's motion to revoke probation was granted and sentence was imposed.

It was alleged that the appellant violated the conditions of probation by failing to report to his probation officer and by knowingly passing as true a forged written instrument with intent to defraud.

The appellant's first contention is that the Court abused its discretion in revoking probation on the ground that the appellant had failed to report to his probation officer because there was not sufficient competent evidence to prove the alleged failure to report.

The condition of probation required the appellant to report to the probation officer monthly. The probation officer, while testifying concerning the appellant's failure to report, used an index card on which had been recorded the dates the appellant had reported. The card was sectioned off to indicate a space for each month of the year. He testified that when the appellant failed to report no notation was made on the appropriate section of the card. This record indicated that the appellant had failed to report a number of times. The appellant's chief complaint is that a proper predicate was not laid for the admission of the card as a business record under the provisions of Article 3737e, Vernon's Ann.Civ.St. We need not

determine this matter as the record reflects the appellant's counsel offered the card in evidence. He may not complain of the admission of evidence which he himself offered. Although the record may not be entirely clear it appears that the card was used by the witness to refresh his memory concerning when the appellant had failed to report. The record also reflects that the appellant had been arrested on a prior occasion because of his failure to report, and, after being admonished to do so, had been released. We find sufficient competent evidence upon which the trial court could base a finding that the appellant had violated a condition of probation by failing to report to the probation officer. No abuse of discretion is shown. See Carter v. State, 482 S.W.2d 875 (Tex.Cr.App. 1972).

■ The appellant also contends that there was not sufficient competent evidence to prove he knowingly passed a forged written instrument with the intent to defraud.

The record reflects that the appellant presented to Barbara Lockwood, manager of the United Dollar Store in Gladewater, a check which he used to pay for merchandise he received. The check, payable to the order of R. P. Colburn in the amount of $55.70, was purportedly made and signed by one Howard W. Hopkins. Barbara Lockwood testified she saw the appellant endorse and place his address on the check and saw the cashier place on the check the number of the appellant's license to operate a motor vehicle. It is not disputed that the appellant passed the instrument. The dispute is whether there is evidence to show that the appellant knew the instrument to be forged when he passed the same. The appellant said he had received the check for hauling pulpwood and gave specific assurance that it was a "good check." Without objection Barbara Lockwood testified that the check was returned from The First National Bank of Gilmer, the bank upon which it was drawn, marked "No Account." She testified she made efforts to locate a Howard W. Hopkins but was unable to find such a person. A special investigator for the District Attorney's Office testified that he had tried to find a person by the name of Howard W. Hopkins by making a "survey" of the gas company, water company, telephone company and the bank on which the check was written. He also testified that he "checked" with law enforcement authorities in Gregg and Upshur Counties and made investigation at all of the banks in Upshur County to determine whether there was a person by the name of Howard W. Hopkins. Although he located people by the name of Hopkins he was unable to find anyone by the name of Howard W. Hopkins. There is sufficient circumstantial evidence for the trial court to find that the check was forged; that the appellant knew that it was forged, and that he presented it to Barbara Lockwood with the intent to defraud. Cf. Golden v. State, 475 S.W.2d 273 (Tex.Cr.App.1971).

The appellant's contentions concerning the alleged failure to make restitution in violation of a condition of probation need not be discussed as the record reflects and the appellant acknowledges the trial court did not consider this matter in revoking his probation.

■ Further complaint is made that the Court after granting a motion to reduce the sentence from seven to five years' imprisonment abused its discretion by reimposing a seven year sentence because the appellant gave notice he would appeal from the order revoking probation.

After the Court had ordered revocation of probation the appellant moved the Court to reduce the maximum term of the sentence from seven to five years. The trial court had authority to grant the motion. See Article 42.12, § 7, Vernon's Ann.C.C.P. and Nichols v. State, 501 S.W.2d 333 (Tex.Cr.App.1973). The motion was granted. The appellant's counsel then gave notice of appeal from the order revoking probation, and immediately thereafter the

Court rescinded its order reducing the term of confinement to five years and increased the maximum penalty to seven years. The record does not reflect any reason for the Court to reimpose a seven year maximum sentence after having reduced it to five years other than the fact the appellant gave notice of appeal. It therefore appears the additional time was reimposed to punish the appellant more severely because he gave notice of appeal.

The appellant had a statutory right to appeal. Article 42.12, § 8, supra. Although this was not the retrial of the case, under the rationale of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L. Ed.2d 656 (1968), the trial court could not increase the appellant's punishment because he desired to appeal from the Court order revoking probation.

In North Caroline v. Pearce, supra, the Supreme Court said:

"A court is 'without right to . . . put a price on an appeal. A defendant's exercise of a right of appeal must be free and unfettered . . . [I]t is unfair to use the great power given to the court to determine sentence to place a defendant in the dilemma of making an unfree choice.' Worcester v. Commissioner of Internal Revenue, 370 F.2d 713, 718. See Short v. United States, 120 U.S.App.D.C. 165, 167, 344 F.2d 550, 552. 'This Court has never held that the States are required to establish avenues of appellate review, but it is now fundamental that, once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891; Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811; Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed.2d 892; Draper v. Washington, 372 U.S. 487, 83 S.Ct. 774, 9 L.Ed.2d 899;' Rinaldi v. Yeager, 384 U.S. 305, 310–311, 86 S.Ct. 1497, 1500–1501, 16 L. Ed.2d 577."

See also Robinson v. Beto, 426 F.2d 797 (5th Cir. 1970).

The judgment and sentence are reformed to reflect a maximum punishment of five years' imprisonment. As reformed, the judgment is affirmed.

Opinion approved by the Court.