**Donald Eugene WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–01153–CR.**

Court of Appeals of Texas,
Dallas.

Feb. 9, 1983.

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Asst. Dist. Atty., for appellee.

Before SPARLING, VANCE and ALLEN, JJ.

VANCE, Justice.

Appellant was convicted by a jury of forgery and sentenced to life in the Texas Department of Corrections under the recidivist statute. By his first ground of error, appellant urges that the evidence was insufficient to convict him of the offense charged. Because we agree with the appellant, we reverse his conviction and enter a judgment of acquittal.

On February 18, 1981, the appellant entered a Kroger store in Dallas, Texas, and attempted to cash a money order. When he presented the cashier with the money order, payable to "Donald Williams," she asked him for his driver's license. He in turn presented her the license of Donald Williams. The cashier also asked him from whom he had gotten the money order. He replied that he had done some work for a lady in Mesquite and that she had paid him with it. The cashier became suspicious, however, when she noticed that the money order was not embossed. After showing the money order to the store manager, the store manager called the police who arrested the appellant, who had remained at the cashier's booth and had not attempted to flee. The money order listed Janice Chaffe

as the sender. The State showed that it was unable to locate Janice Chaffe at the address listed on the money order, or any address in the Dallas area.

■ A person commits the offense of forgery by the passing of a writing that is forged, knowing that it was forged and intending to defraud or harm another. Tex.Penal Code Ann. § 32.21(a)(1)(A)(i) and § 32.21(a)(1)(B) (Vernon 1974). While scienter may be established by circumstantial evidence, the burden is on the prosecution to prove each and every element of the offense charged. *Stuebgen v. State,* 547 S.W.2d 29, 31 (Tex.Cr.App.1977). In the case of forgery, the culpable mental state requires proof of knowledge that the instrument is forged. *Id.* at 32. No proof that the appellant knew the instrument was forged was presented by the State either directly or circumstantially. The only proof was his explanation that he had received the instrument for work performed.

The State cites several cases in which it relied upon circumstantial evidence to prove scienter. In each case, the defendant's explanation was such that culpability could be inferred from the fact that the accused was caught in a lie. *See, e.g., Colburn v. State,* 501 S.W.2d 680, 682 (Tex.Cr.App.1973); *Phillips v. State,* 488 S.W.2d 97, 100 (Tex. Cr.App.1972); *Golden v. State,* 475 S.W.2d 273, 273–74 (Tex.Cr.App.1971). In other words, the evidence in these cases proved more than the inaccuracy of defendant's statement. It also showed that the defendant must necessarily have known that his statement was a lie. In this case it cannot be inferred from appellant's explanation that he knew that Janice Chaffe was a nonexistent person. Neither does the evidence show that appellant, rather than the "lady in Mesquite," signed the name of Janice Chaffe on the money order.

Had the appellant stated that Janice Chaffe had given him the money order and that Janice Chaffe was someone that he knew, the evidence would have been sufficient to sustain the conviction for forgery. *See Golden v. State,* 475 S.W.2d 273, 274 (Tex.Cr.App.1971). However, appellant's statement that he "had received the check as payment for work he had done in Mesquite" does not show beyond a reasonable doubt that he knew that the person listed as the sender on the money order was in fact a fictitious person. *See Stuebgen v. State,* 547 S.W.2d at 32. To find him guilty the jury would have to *speculate* that appellant was referring to the person named on the money order as the person who had given him the instrument as payment for work. We conclude that it is not possible for any rational trier of fact to have found beyond a reasonable doubt that the appellant knew that the money order was forged. For this reason, appellant's conviction must be reversed and a judgment of acquittal should be entered.

■ Additionally, in ground of error four, appellant contends that the trial court erred in denying his motion for mistrial when the prosecutor, during the guilt-innocence phase, made the following argument to the jury:

"... Maybe I do or don't know whether the defendant did any work for them, where are those people? Where are those people? Or the neighbors from her house where he was suppose to have done this work at. How about the person living next door to Janice Chaffe coming in here and saying, yeah, she existed. Maybe she had another name. She existed, she lives there, I saw him over there. Not one witness did the defendant bring to substantiate the lie that he told Fay Norwood when he passed this check. A provably false statement."

The court sustained the objection that "it's a direct conflict to the defendant's election not to testify." The court instructed the jury to disregard the "last paragraph," then denied the motion for a mistrial. There was no evidence that "neighbors" or "the person living next door to Janice Chaffe" existed and were available to testify. Based on the authorities cited in *Garrett v. State,* 632 S.W.2d 350, 353–354 (Tex.Cr.App. 1982), we find the trial court did commit reversible error. *See McKenzie v. State,* 617 S.W.2d 211 (Tex.Cr.App.1981).

For the reasons stated above the conviction is reversed. Finding the evidence to be insufficient, a judgment of acquittal must be entered.

SPARLING, Justice, dissenting.

The majority has chosen to sustain two grounds of error promulgated by the appellant. The first, concerning the sufficiency of the evidence, results in an acquittal of the appellant; the second, concerning the prosecutor's jury argument, would have, presumably, resulted in a reversal and remand. I dissent from the holding of the majority, and would accordingly affirm.

Appellant asserts, and the majority agrees, that the evidence was insufficient to prove that the appellant knew that he was passing a stolen and forged money order. Though I agree that there must be evidence of knowledge, I cannot agree with the majority's application of the existing precedent.

The majority cites four cases, but only one, *Stuebgen v. State,* 547 S.W.2d 29 (Tex. Cr.App.1971)—where there was *no* evidence of knowledge—was reversed. In *Phillips v. State,* 488 S.W.2d 97, 100 (Tex.Cr.App.1972), the court held that the evidence was sufficient to prove knowledge when it indicated that the appellant misrepresented himself as payee; that the appellant endorsed the instrument in the cashier's presence; and that the appellant gave false information about the maker. Although *Phillips* tells us its evidence is sufficient, *Phillips* fails to tell us what evidence is insufficient. In *Golden v. State,* 475 S.W.2d 273, 274 (Tex.Cr.App. 1972), the court, acknowledging that the evidence should be viewed in the light most favorable to the jury verdict, held that evidence that the appellant misrepresented the occupation of the maker of the forged instrument was sufficient to support the verdict. Again, *Golden* tells us what evidence is sufficient, but fails to tell us when the evidence becomes insufficient.

The fourth, and final case cited by the majority is *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App.1973). Although cited by the majority, I believe that *Colburn* is authority for the proposition that this ground of error should be overruled. The similarities are remarkable. In comparing *Colburn* and this case, both appellants undisputedly passed a forged instrument. In both cases the appellant, in his true name, was the payee of the instrument. In both cases the appellant using his true driver's license as identification, endorsed the instrument with his true name in the presence of the person to whom the instrument was passed. In neither case did the appellant attempt to flee. In *Colburn,* the appellant stated at the time he passed the check that he received the check for "hauling pulpwood," yet failed to say *for whom* he hauled pulpwood. In the present case the appellant stated that he "had received the check as payment for work he had done in Mesquite," yet, as in *Colburn,* did not say *for whom* he had done the work. Neither appellant has ever admitted that he knew the maker of the instrument. In both cases there was evidence that a district attorney's investigator made an extensive investigation to find the maker of the instrument, and on both occasions, found that no such person existed.

A difference between this case and *Colburn* is that the appellant in *Colburn* gave an assurance to the recipient that the check was "good." I would hold that difference to be insignificant because reason dictates that any person who passes a forged document vouches, by implication, that the instrument is genuine. Another difference is that in the present case the blank money order was stolen, and subsequently forged, only four days before the passing; whereas, there is no history of the forged check in *Colburn.* This four day time limitation, in my opinion, makes the present case factually stronger for the State than the facts in *Colburn.* The final difference is, of course, the Court of Criminal Appeals affirmed *Colburn,* and the majority reverses here.

Aside from the apparent lack of authority for the majority decision, I disagree in principle with their holding. Proof of knowledge and intent are usually—because of their nature—inferred from the totality of

the facts of the case. For this reason I would walk gingerly in the area of requiring specific admissions by a defendant as a prerequisite to holding the evidence sufficient. I would further ask: To what extent should we require our storekeepers to question persons who are in the process of committing an apparent felony? I would hold it to be unrealistic for the law to require specific questions and answers in order to make the crime complete for appellate purposes.

I further disagree with the majority holding that the prosecutor's argument was reversible error. The majority relies upon *McKenzie v. State,* 617 S.W.2d 211 (Tex.Cr. App.1981) which teaches that it is error for a prosecutor, in argument, to comment upon the defendant's failure to call imaginary witnesses to testify to imaginary information. The facts of *McKenzie* are much more extreme than the facts of the present case. In *McKenzie,* an indecency with a child case, the State argued: "... they [the defense] might call a parent up here to say they'd make a little girl available to molest" *McKenzie,* 617 S.W.2d at 220. Further, *McKenzie* concedes that "this Court should not hold an argument to be reversible error unless it is in extreme cases where the language complained of is manifestly improper, harmful and prejudicial" *McKenzie,* 617 S.W.2d at 221. The other case cited by the majority to justify the reversal was *Garrett v. State,* 632 S.W.2d 350 (Tex.Cr.App.1982) which *affirmed* the conviction by holding that error, less prejudicial than that found in *McKenzie,* was harmless. The argument in this case is harmless, as was the argument in *Garrett.*

Although the present case does not contain inflammatory, hypothetical testimony, as in *McKenzie,* it may be distinguished from *McKenzie* and *Garrett* on other grounds. The prosecutor's argument in *McKenzie* and *Garrett* presumed the *existence* of a witness, whose existence was not established by evidence. In the present case, it is the State's theory that Janice Chaffe's neighbor does *not* exist. This is implicit in the State's argument because it is the State's position that Janice Chaffe

does not exist. If Janice Chaffe does not exist, it follows that she could not have a neighbor. Thus, the prosecutor is not inventing a witness as was the prosecutor in *McKenzie,* but rather commenting on the fact that there were *no* witnesses to testify. Further, the State had tried unsuccessfully to find a "Janice Chaffe," and the only clue to her possible identity, was appellant's statement that he had done work for her. Therefore, it is a fair comment to question why no one was called to establish her identity.

I would hold that the prosecutor's argument was not error. If however, it were error, certainly the trial judge's instruction to the jury to disregard the argument would render the error harmless.

In sum, I believe that the majority, in stretching to reverse, has, in both sustained grounds of error, taken a rule of law and extended it to an illogical extreme. I have reviewed all other grounds of error, as well as the two discussed, and would accordingly affirm.