**Bobby Joe HART, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–01331–CR**

Court of Appeals of Texas,
Dallas.

Oct. 30, 1984.

John H. Hagler, Dallas, for appellant.

Henry Wade, Dist. Atty., Ruth E. Plagenhoef, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, SPARLING and WHITHAM, JJ.

WHITHAM, Justice.

Appellant, Bobby Joe Hart, appeals a conviction for forgery. We find no merit in appellant's two grounds of error. Accordingly, we affirm.

In his first ground of error, appellant contends that the evidence is insufficient to show that he knew that the check was a forgery and that he intended to defraud another. Appellant attempted to cash a check at a check cashing center. The check was drawn on the account of a third party and made payable to appellant. While appellant waited, the cashier telephoned the third party. During the course

of this telephone call, the third party telephoned the police and directed them to the check cashing center. While the cashier prolonged her call to the third party in order to keep appellant on the premises until the police arrived, appellant inquired of the cashier as to the reason for the delay in cashing the check. The cashier explained that she was trying to verify the check and that she had been put on hold. Subsequently, and while she was still on the telephone with the third party, the cashier observed appellant walk out the door. The check was not cashed and appellant left the check in the possession of the cashier when he left the check cashing center. Appellant was apprehended by the police in front of the check cashing center.

Appellant argues that the State failed to discharge its burden in proving scienter. We disagree. Under TEX.PENAL CODE ANN. § 32.21(b) (Vernon 1974) a person commits the offense of forgery if he "forges a writing with intent to defraud or harm another." Thus, the State must present evidence, circumstantial or otherwise, to show the appellant's knowledge that the instrument was forged or to show that appellant possessed the intent to defraud or harm. *Crittenden v. State,* 671 S.W.2d 527, 528 (Tex.Crim.App.1984) (*en banc*). Such knowledge may be inferred from an attempt to flee. 671 S.W.2d at 528. We conclude that appellant's leaving the check cashing center without cash or check was an attempt to flee and that his attempt to flee was sufficient evidence to prove appellant's knowledge that the instrument was forged and to prove that appellant possessed the intent to defraud or harm. Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the jury charge constituted an abstract instruction on the law. The charge read in part:

> intentionally or knowingly with intent to defraud or harm another, pass to Cheryl Moore a forged writing, knowing such writing to be forged, and such writing had been so made that it purported to be

the act of another who did not authorize the act, *and said writing was a check of the tenor set out in the indictment . . . . "* (emphasis added).

Appellant argues that nowhere in the charge is the tenor of the check set out and that, therefore, the abstract charge constituted fundamental error. We disagree. The check which was the subject of the offense was attached to the indictment. The only check introduced into evidence was the check attached to the indictment. We conclude, therefore, that the trial court did not err in failing to set out in full the tenor of the check in the charge in a case in which the check was set out in the indictment in haec verba and that check was the only check admitted into evidence. *Howell v. State,* 627 S.W.2d 836, 837 (Tex.App.— Fort Worth 1982, pet. ref'd). Appellant's second ground of error is overruled.

Affirmed.

SPARLING, Justice, dissenting.

I believe that there is insufficient evidence of fraudulent intent. Accordingly, I dissent.

Both the cashier and arresting officer testified that appellant walked—not ran— from the location of the cashier's booth. That fact, coupled with the fact that appellant left his check with the cashier, is the *only* evidence of flight, which, in turn, is the *only* evidence of fraudulent intent.

I can find no authority—cited by majority or otherwise—that affirms on such sketchy evidence of intent. For example, this court in *Williams v. State,* 646 S.W.2d 630 (Tex.App.—Dallas 1983, no pet.), held that there was insufficient evidence of knowledge that the instrument was forged, yet in my judgment, the facts proving knowledge in *Williams* are much stronger than the facts here. Although I disagree with the extreme holding of *Williams, see Williams,* 646 S.W.2d at 632, I must adhere to prevailing authority. Therefore, I would reverse the judgment of the trial court and reform to show an acquittal.

*Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).