**Donald Eugene WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 192–83.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 6, 1985.

John G. Tatum, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne B. Wetherholt, Luther C. Laman and Renie McClellan, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was convicted of forgery pursuant to V.T.C.A. Penal Code, Section 32.21 and punishment was assessed by a jury at life imprisonment. See V.T.C.A. Penal Code, Section 12.42(d). Appellant appealed his conviction to the Dallas Court of Appeals, wherein the conviction was reversed and a judgment of acquittal was ordered. *Williams v. State,* 646 S.W.2d 630 (Tex. App.—Dallas 1983). We granted the State's petition for discretionary review in order to determine whether the Court of Appeals erred in finding that the evidence was insufficient to support the conviction and whether the Court of Appeals erred in finding the trial court should have granted the appellant's motion for mistrial based upon improper jury argument. Finding merit in the State's petition, we reverse the

Court of Appeals and affirm the judgment of the trial court.

Omitting the formal parts, the indictment in the instant case charged that appellant:

"did then and there intentionally and knowingly with the intent to defraud and harm another, passed to Faye Norwood a forged writing knowing such a writing to be forged, such writing had been so made that it purported to be the act of Janice Chaffe, who did not authorize the act, and said writing was a Republic Money Order of the tenor following. . . ."

In order to prove that the appellant committed the offense of forgery by passing, the State must show that the appellant (1) with intent to defraud or harm another (2) passed (3) a writing (4) that purported to be the act of another and (5) that other persons did not authorize the act. See Section 32.21(a)(1)(A), supra; *Nolan v. State*, 645 S.W.2d 443 (Tex.Cr.App.1983) and *Landry v. State*, 583 S.W.2d 620 (Tex.Cr.App.1979.) The intent to defraud or harm another may be established by circumstantial evidence, and the burden is on the prosecution to prove each and every element of the offense charged. See *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App.1977). In the case of forgery, the culpable mental state requires proof of knowledge that the instrument is forged. See *Stuebgen*, supra, at p. 32.

A majority of the Court of Appeals found that it was not possible for any rational trier of fact to have concluded beyond a reasonable doubt the appellant knew that the money order was forged, relying on the holding in *Stuebgen*, supra. The Court of Appeals additionally concluded that the trial court erred in denying appellant's motion for mistrial when the prosecutor, during the guilt-innocence phase, made the following argument to the jury:

"Maybe I do or don't know whether the defendant did any work for them, where are those people? Where are those people? Or the neighbors from her house where he was supposed to have done this work at. How about the person living next door to Janice Chaffe coming in here and saying, 'Yeah, she existed. Maybe she had another name. She existed, she lives there, I saw him over there.' Not one witness did the defendant bring to substantiate the lie that he told Faye Norwood when he passed this check. A provable false statement."

The majority of that court cited *Garrett v. State*, 632 S.W.2d 350 (Tex.Cr.App.1982) and *McKenzie v. State*, 617 S.W.2d 211 (Tex.Cr.App.1981) for the proposition that the trial court committed reversible error by denying appellant's motion for mistrial.

The facts are undisputed. On February 18, 1981, the appellant entered a Kroger store in Dallas and attempted to cash a money order. He presented to Faye Norwood, the cashier, a money order payable to "Donald Williams." Ms. Norwood asked for appellant's driver's license. Appellant presented his driver's license. Norwood asked appellant where he had gotten the money order. Appellant replied that he had done some work for a lady in Mesquite and that she had paid him with it. Norwood became suspicious when she noticed that the money order was not embossed. Norwood presented the money order to the store manager, who in turn called the police. Appellant was arrested in the Kroger store. The money order listed a Janice Chaffe as the maker, with a purported address of 50005 Columbia, Apt. 12. The money order was dated February 14, 1981.

A supervisor for the Southland Corporation testified from his records that the number on the money order showed that it had been assigned to a store located on Military Parkway in Mesquite. Testimony elicited from the supervisor further showed that the particular money order passed by appellant was missing from the store on February 14, 1981; it was not present in the store, but had never been sold nor recorded as sold and engraved at the store. The supervisor further testified that all money orders sold through 7–11 Stores were engraved with the store name and number, and that the money order in the instant case contained neither. He also

testified that he knew no one by the name of Janice Chaffe, that she was not an employee of the Southland Corporation, and that no one by that name was authorized to pass the money order on February 18, 1981.

An investigator with the Dallas police department testified he could find no person by the name of Janice Chaffe in the Dallas metroplex area and could find no address of 50005 Columbia within the confines of Dallas County, including Mesquite. He testified that he did find an address of 5005 Columbia in Dallas County, but that it was a tire store.

Relying primarily on *Stuebgen*, supra, the Court of Appeals found the evidence to support the conviction to be insufficient and stated:

"In this case it cannot be inferred from appellant's explanation that he knew that Janice Chaffe was a non-existent person. Neither does the evidence show that appellant, rather than the 'lady in Mesquite' signed the name of Janice Chaffe on the money order.

"Had the appellant stated that Janice Chaffe had given him the money order and that Janice Chaffe was someone that he knew, the evidence would have been sufficient to sustain the conviction for forgery [citations omitted.] However, appellant's statement that he 'had received the check as payment for work he had done in Mesquite' does not show beyond a reasonable doubt that he knew that the person listed as the sender on the money order was in fact a fictitious person [citations omitted.] To find him guilty the jury would have to speculate that appellant was referring to the person named on the money order as the person who had given the instrument for payment for work. We conclude that it is not possible for any rational trier of fact to have found beyond a reasonable doubt that the appellant knew that the money order was forged." *Williams*, supra, at 631.

Dissenting to the majority opinion, Justice Sparling distinguishes *Stuebgen*, su-

pra, from the facts in the instant case and opines that the instant case is controlled by this Court's holdings in *Colburn v. State*, 501 S.W.2d 680 (Tex.Cr.App.1973) and *Golden v. State*, 475 S.W.2d 273 (Tex.Cr. App.1972). We find the reasoning of Justice Sparling to be sound.

The facts in *Colburn*, supra, are almost a mirror image of the facts in the instant case. In *Colburn*, the defendant presented Barbara Lockwood, manager of the United Dollar Store in Gladewater, a check which he used to pay for merchandise he received. The check, payable to the order of R.P. Colburn in the amount of $55.70 was purportedly made and signed by one Howard W. Hopkins. Barbara Lockwood testified she saw the defendant endorse and place his address on the check and saw the cashier place on the check the number of the defendant's license to operate a motor vehicle. The defendant said he had received the check for hauling pulpwood and gave specific assurance that it was a good check. Barbara Lockwood further testified that the check was returned from the First National Bank of Gilmer, marked "No Account." She testified she made efforts to locate a Howard W. Hopkins but was unable to find such a person. A special investigator for the District Attorney's office testified that he had tried to find a person by the name of Howard W. Hopkins by making a "survey" of the gas company, water company, telephone company, and the bank on which the check was written. He also testified that he had checked with law enforcement authorities in Gregg and Upshur Counties and made investigations in all of the banks in Upshur County to determine whether there was a person by the name of Howard W. Hopkins. Although he located people by the name of Hopkins he was unable to find anyone by the name of Howard W. Hopkins. This Court found that there was sufficient circumstantial evidence for the trial court to find the check was forged; that the defendant knew that it was forged, and that he presented it to Barbara Lockwood with the intent to defraud. (See also *Golden*, supra,

where the evidence was found sufficient to prove knowledge the instrument was forged where the defendant stated that the maker of the check was an insurance man and the evidence showed that no such person existed.)

In *Stuebgen*, supra, the facts are clearly distinguishable from the instant case. In *Stuebgen* the defendant passed a check payable to himself and purportedly signed by his employer, Chitwood. Chitwood not only existed, but testified that he did not give the defendant permission to sign his name or use his personal check. Chitwood further testified, however, that he kept his checkbook in his pickup, and that three to five employees rode in his pickup daily during that period, including the defendant. This Court held that since the defendant made no statement from which it could be inferred that he knew the instrument was forged, the evidence was insufficient to discharge the State's burden of showing that the defendant acted with the intent to defraud or harm another. This Court further found there was no evidence introduced to show that anything appearing on the check was in defendant's handwriting.

■ In the instant case, one of the appellant's own witnesses identified appellant's signature on the back of the money order. Further, the appellant made an affirmative statement that he received the money order from a lady in Mesquite in exchange for work performed. This statement was controverted by the State's evidence that the money order in question was stolen some four days prior to it being passed by the appellant at the Kroger store. Thus we find that the instant case is governed by the holdings in *Colburn*, supra, and *Golden*, supra, and that the intent to harm or defraud was proved circumstantially by the testimony of the State's witnesses. See also *Baker v. State*, 552 S.W.2d 818 (Tex. Cr.App.1977); *Phillips v. State*, 488 S.W.2d 97 (Tex.Cr.App.1972); and *Castanuela v. State*, 435 S.W.2d 146 (Tex.Cr.App.1968). A rational trier of fact could have found appellant guilty of forgery beyond a reasonable doubt. See *Jackson v. Virginia*,

443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The State's first ground for review is sustained.

In its second ground for review the State contends that the Court of Appeals erred in finding that the trial court erred in denying appellant's motion for mistrial when the prosecutor made the argument to the jury set out at page 488, ante. A majority of the Court of Appeals cited *Garrett*, supra, and *McKenzie*, supra, as authorities for the proposition that the trial court committed reversible error by denying the appellant's motion for mistrial. In *Garrett*, supra, the prosecuting attorney, during his closing jury argument, argued to the jury:

"This is a man that if his friends and family could bring you an alibi defense they would have."

The defendant had presented no evidence or testimony of any kind. This Court, in an opinion by Judge Teague, held:

"The above argument of the prosecuting attorney also constituted an indirect comment upon the appellant's failure to produce testimony other than his own. It was outside the record because there was nothing whatsoever to reflect that the appellant had any witness who could have testified to the defense of alibi." at pg. 351.

In *McKenzie*, supra, Judge Clinton, writing for the Court, responded to a similar jury argument by opining:

"Who the assistant district attorney thought appellant might call to testify and what each expected to say were, for the most part, simply personages and products of his own imagination ... The prosecutor may not relate his version of testimony to a witness not called might give." [citation omitted.] at pg. 220.

The prosecutor's argument in *McKenzie* and *Garrett* presume the existence of a witness, whose existence was not established by evidence. In the instant case it is the State's theory that Janice Chaffe does not exist, ergo, Janice Chaffe's neighbor does not exist. Thus, the prosecutor is not inventing a witness as was the prosecutor in *McKenzie*, supra, but rather commenting

on the fact that witnesses favorable to the appellant were non-existent.

█ Counsel in argument may draw from the facts in evidence all inferences that are reasonable, fair, and legitimate. *Carter v. State*, 614 S.W.2d 821 (Tex.Cr. App.1981). The prosecutor's comment was a reasonable deduction from the evidence presented by Faye Norwood, i.e., that the appellant told her that he had received the money order from a lady in Mesquite for work performed, and that the purported maker of the money order was Janice Chaffe. This evidence, coupled with the evidence that the money order was taken four days earlier from the 7–11 store, creates a reasonable inference that Janice Chaffe did not exist and therefore Janice Chaffe's neighbors did not exist. *McKenzie,* supra, and *Garrett,* supra, are inapposite to the facts in the instant case. The argument complained of was proper. The State's second ground for review is sustained.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

I agree entirely with Judge Vance's observation that "[h]ad the appellant stated that Janice Chaffe had given him the money order *and that Janice Chaffe was someone that he knew,* the evidence would have been sufficient to sustain the conviction for forgery. See *Golden v. State,* 475 S.W.2d 273, 274 (Tex.Cr.App.1971)." *Williams v. State,* 646 S.W.2d 630, 631 (Tex. App.—Dallas 1983). (Emphasis supplied.) This is so because the State's evidence that "Janice Chaffe" does not exist would then have shown such an assertion to have been false, thus establishing a conscious deception on appellant's part, which in turn constitutes circumstantial evidence that he knew the money order was forged. The statement appellant *did* make—that he had done some work for an unnamed lady in Mesquite and that she had paid him with the money order—is not necessarily proved to be a conscious deception by the State's

evidence that "Janice Chaffe" does not exist. Thus, appellant's statement together with the proof of "Janice Chaffe's" nonexistence fails to amount to circumstantial evidence that he knew he was passing a forgery.

The majority reasons that appellant's statement was "controverted" by evidence that the money order he passed had been stolen from the 7–11 store four days previously. At p. 490. However, the evidence does not show who took the money order. That the money order was taken by some unidentified person does not rule out the possibility that it could have been given to appellant sometime during the previous four days by a lady in Mesquite in exchange for work he did for her. This lady could have held herself out to be "Janice Chaffe." The State's proof does not show that appellant should have known or did know that she was not.

The statement appellant made to the store clerk was "controverted" by neither the proof that the maker was fictitious nor by the fact that the money order was stolen four days earlier. No conscious deception is shown. The court of appeals was correct in refusing to affirm this conviction on the basis of *Golden v. State,* supra, and its judgment should be upheld.

The majority observes the facts of *Colburn v. State,* 501 S.W.2d 680 (Tex.Cr.App. 1973) to be "almost a mirror image of the facts in the instant case." At 489. However, the critical difference, as noted in the majority's opinion, is that the defendant in *Colburn,* as he passed the instrument, "gave specific assurance that it was a good check." *Id.* Judge Sparling, in his dissenting opinion in the court of appeals felt this difference "to be insignificant because reason dictates that any person who passes a forged document vouches, by implication, that the instrument is genuine." *Williams,* supra, at 632. If Judge Sparling's analysis is correct, then proof of a fictitious maker standing alone should be sufficient, as a matter of strict liability, to prove guilty knowledge. But as I have endeavored to make clear, the function that proof

of a fictitious maker serves in the cases relied on by the majority is only to demonstrate that a particular statement the accused has made must necessarily be a conscious deception. It is from the deception that guilty knowledge may be inferred.

The specific assurance of the authenticity of the check in *Colburn* is significant in that an accused would presumably have no reason to make such an emphatic statement absent some motive to deceive. Contrary to Judge Sparling's belief, it is the very *express* assurance of what would otherwise be implicitly understood that, in combination with the fact that the maker proved to be fictitious, constitutes circumstantial evidence from which guilty knowledge may be inferred.

In the instant case the State proved only that "Janice Chaffe" was fictitious. No statement or other circumstance was elicited which, in combination with this fact, will support the inference that appellant knew she was fictitious and therefore knew he was passing a forged instrument. Still extant is the reasonable alternative hypothesis that the money order was passed to appellant by a lady in Mesquite who stole it herself and then held herself out to appellant as "Janice Chaffe." For this reason appellant's conviction ought to be reversed and a judgment of acquittal entered, just as the court of appeals ordered. See *Stuebgen v. State*, 547 S.W.2d 29 (Tex.Cr.App. 1977); *Crittenden v. State*, 671 S.W.2d 527 (Tex.Cr.App.1984).

Because the majority fails to affirm the judgment of the court of appeals, I dissent.

TEAGUE and MILLER, JJ., join.