Opinion issued March 18, 2004






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00173-CR




STEPHANIE YVETTE TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 829025




MEMORANDUM OPINION

          A jury found appellant Stephanie Yvette Taylor guilty of forgery. The trial
court sentenced her to 15 months’ confinement and a $500 fine. We conclude that
the evidence is legally and factually sufficient to support the conviction and therefore
affirm. 
Background
          Taylor went to Brothers Check Cashing to cash a check in the amount of
$12,623.08. The owner, Irvin Gerber, known as “Sonny,” testified that one of his
employees brought the check to his attention because it involved a large amount of
money. Sonny asked Taylor for her identification, and she provided a driver’s license
as well as a temporary receipt from the Texas Department of Public Safety. The
driver’s license identified Taylor as “Stephanie Yvette Taylor.” The receipt identified
her as “Stephanie Yvette Houston,” a name that corresponded with the payee’s name
on the check. Both forms of identification had the same license number. Taylor had
not endorsed the check in Sonny’s presence, so Sonny asked Taylor to sign it again
in front of him. She refused. 
          Sonny telephoned Bennett Fisher, the man who had issued the check. Fisher,
an attorney, explained that Taylor used to work for him as a legal assistant and that
he had not written the check to her. The check instead was part of a series written
upon a designated special account and issued to creditors in a bankruptcy case for
Sam White Motor City. Fisher wrote this particular check to a Nissan dealership. 
The memo line on the check that Taylor presented to Sonny read, “1990 Nissan Vin
#. . . 568772.” Fisher did not authorize Taylor to change the payee to herself.
          Sonny had notified the police and was holding Taylor’s driver’s license and
temporary identification when Taylor tried to leave the store. Sonny agreed to allow
Taylor to leave if Taylor gave him back the check. Taylor did so and left the store.
          At trial, Sonny testified to these events and that the date and the payee line on
the check had been altered when Taylor presented it to his store for cashing. 
Specifically, it appeared that someone had “whited out” the payee line and then typed
over it. Officer Anthony Bryant, with the Houston Police Department burglary and
theft division forgery detail, similarly testified that the check had been altered. When
he held the check up to the light, he noticed that someone had typed over the original
date and the payee line. Moreover, underneath Taylor’s name on the payee line he
could read, “McDavid Nissan.” 
          In her defense, Taylor testified that she did not know about the forgery, that the
check did not appear to be altered, and that she believed that the check came to her
in the mail as a bonus check from Fisher. 
Forgery
          In two points of error, Taylor contends that the evidence is legally and factually
insufficient to prove she knew the check she presented for cash was a forgery. 
          For a legal sufficiency review, we view the relevant evidence in a light most
favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781 (1979); Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000). For a factual sufficiency review, we view all the evidence
in a neutral light, favoring neither party, and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Johnson, 23 S.W.3d at 7; Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). 
          A person commits forgery when he “forges a writing with [the] intent to
defraud or harm another.” Tex. Pen. Code Ann. § 32.21(b) (Vernon Supp. 2004);
Ex parte Porter, 827 S.W.2d 324, 325 (Tex. Crim. App. 1992). The intent to defraud
or harm may be established by circumstantial evidence. Williams v. State, 688
S.W.2d 486, 488 (Tex. Crim. App. 1985). Proof of an intent to defraud is derivative
of these elements and requires proof of knowledge that the check is forged. Id. 
          Here, the jury had a sufficient evidentiary basis upon which to conclude that
Taylor knew she presented a forged check. First, she refused to endorse the check in
Sonny’s presence, and fled the scene without her identification after Sonny delayed
in cashing the check. A defendant’s attempt to flee is a “suspicious circumstance”
from which the jury can infer that the defendant knowingly passed a forged check. 
See Baker v. State, 552 S.W.2d 818 (Tex. Crim. App. 1977); see also Hart v. State,
682 S.W.2d 346, 347 (Tex. App.—Dallas 1984, pet. ref’d) (holding that defendant’s
leaving check cashing center without cash or check was attempt to flee sufficient to
prove knowledge that instrument was forged). Similar to the defendants in Baker 
and Hart, Taylor left the check cashing center, leaving behind her driver’s license, her
temporary identification, and the check. 
          Second, Fisher testified at trial that he did not write the check to Taylor, nor did
he authorize Taylor to alter the check that he had previously written to the Nissan
dealership. Taylor had access to the check because she had been asked to mail it
while she worked for Fisher. The evidence moreover established that someone had
altered the check date and payee line. Although Taylor asserted that the check was
a bonus, the memo line read, “1990 Nissan Vin #. . . 568772.” Such evidence is
consistent with the jury’s finding of knowledge and inconsistent with Taylor’s
assertion. See Vera v. State, 697 S.W.2d 737, 738-39 (Tex. App.—Corpus Christi
1985, pet. ref’d) (holding that evidence of memo on check for “hauling grain,”
although defendant never hauled grain, in addition to visible alteration, was sufficient
to show knowledge). 
          Viewing the record in the light most favorable to the verdict, we hold that the
evidence is legally sufficient to support the verdict and thus overrule the first point
of error. We proceed to Taylor’s second point of error, her factual sufficiency claim. 
In addition to the evidence we considered under legal sufficiency, we consider the
remaining evidence. See Johnson, 23 S.W.3d at 7.
          Taylor testified that she did not know about the forgery, that the check did not
appear to be altered, and that the check came to her in the mail as a bonus from
Fisher. Both Sunny and Fisher testified differently. The jury is permitted to believe
or disbelieve any part of a witness’s testimony, including the testimony of the 
defendant. Jones v. State, 984 S.W.2d 254, 258 (Tex. Crim. App. 1998). In this case,
the jury chose to reject Taylor’s credibility and accept that of the store owner and her
former employer. Taylor presents no basis upon which we should disregard the jury’s
credibility decision. Absent such a basis, this court does not disturb a jury’s
credibility finding. See id. 
          Viewing all the evidence in the record, including evidence favorable to Taylor,
we conclude that the jury’s finding is not so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. We hold that the evidence is factually
sufficient and overrule the second point of error.
Conclusion
          We affirm the judgment of the trial court. 



                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.
Do not publish. Tex. R. App. P. 47.2(b).