NO. 07-06-0323-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2007
_____

CLARENCE R. CROY,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-411,233; HON. JIM BOB DARNELL, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Clarence R. Croy, challenges his conviction of forging a financial instrument by contending that the evidence is legally and factually insufficient to sustain it. We affirm the judgment.

The standards by which we review the legal and factual sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)

and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

A person commits an offense if he forges a writing with intent to defraud or harm another. *See* TEX. PEN. CODE ANN. §32.21(b) (Vernon Supp. 2006). Appellant argues that the evidence is legally insufficient to show that he knew the check was forged and that he acted with the intent to defraud or harm another.

The evidence showed that appellant solicited a donation to the Boy Scouts from Danny Mayfield. Mayfield knew appellant since the latter had performed work for him. In response to the solicitation, Mayfield wrote a $25 check payable to the Boy Scouts. Several days later, appellant informed Mayfield he had lost the instrument and sought another from Mayfield to replace the missing item. However, this time appellant asked that the donation be made payable to the Cub Scouts. Mayfield did as requested, disclosed to appellant that the contribution was for $25, and delivered the $25 check to appellant on December 14, 2004. A day or two passed when Mayfield discovered that a check for $2,500 had been drawn against his account. He did not remember writing such an instrument, investigated the matter, and discovered that the $25 check made payable to the Cub Scouts had been altered to read $2,500. Moreover, appellant's endorsement appeared on the back of the instrument. In the meantime, appellant informed Shirley Blevins, a cub master, that he made a $2,500 deposit to the Cub Scout bank account, $500 of which constituted a donation to the scouts and $2,000 of which evinced monies due him. When she asked why he had run a check for personal money through the cub scout account, appellant replied that he wanted the organization to get its money right away. Appellant also told Blevins that he had withdrawn $850 from the account for

2

himself which left $1,150 due him. So too did he ask her to draw a check upon the scout account and make it payable to the Twin Oaks Apartments to cover his rent. She complied.

Shortly thereafter, Blevins received a phone call from someone representing Twin Oaks informing her that the check she had written for $1,150 had bounced. Under threat of prosecution, Blevins made good the check from her personal funds and, thereafter, confronted appellant. The latter told her that the person who had given him the check was out of town but upon his return she would receive the $2,500. When the date for payment arrived, she received nothing. Nor did appellant return her numerous telephone calls.

A mental state may be inferred from acts, words, or conduct. *Guevara v. State,* 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). So, the intent to defraud may be established by circumstantial evidence. *Williams v. State,* 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). Furthermore, in cases such as this, proof of intent to defraud can be inferred from proof that the actor knew the check was forged. *Huntley v. State,* 4 S.W.3d 813, 814 (Tex. App.–Houston [1st Dist.] 1999, pet. ref'd).

Appellant contends that while the State proved that the check had been altered, it failed to prove that he was aware of the alteration or intended to defraud anyone. We disagree. As previously mentioned, evidence appears of record disclosing that 1) Mayfield told appellant the amount of his $25 contribution, 2) the $25 check was delivered by Mayfield to appellant, 3) when endorsed and deposited by appellant, the check had been altered to read $2,500, 4) the alteration was visible on the face of the check, 5) appellant represented to Blevins that of the $2,500, $2,000 was due him, 6) appellant withdrew $850

3

from the scout bank account and claimed to be entitled to another $1,150 which he requested that Blevins pay to his apartment complex, and 7) when the scout check bounced due to the fact that Mayfield had stopped payment of the altered check, appellant deceived Blevins by telling her that the $2,500 would be paid and that he had obtained the money. This is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant not only knew of but was instrumental in altering Mayfield's $25 check. So too is it some evidence upon which the same jury could rationally conclude, beyond reasonable doubt, that appellant intended to use the forged instrument to defraud both Mayfield and Blevins.

To the extent that appellant insinuates Mayfield wrote the check for $2,500 because he owed appellant for past work, that simply raised a question of fact for the jury to resolve. Moreover, a rational jury could take into consideration the obvious interlineations on the face of the instrument and the fact that it was noted to be a "donation" payable to the "Cub Scouts" in assessing who to believe. In other words, the evidence of guilt was not weak; nor was the contrary evidence overwhelming.

In sum, the evidence supporting the verdict is both legally and factually sufficient. Thus, we overrule appellant's issues and affirm the judgment.

Per Curiam

Do not publish.

4