NO. 07-06-0455-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 6, 2007
_____

TERRY J. MORRISON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 137TH DISTRICT COURT OF HOCKLEY COUNTY;

NO. 2006-414,081; HON. CECIL G. PURYEAR, PRESIDING
_____

***MEMORANDUM OPINION***
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Terry J. Morrison contends the evidence is legally and factually insufficient to sustain his conviction of forgery of a financial instrument. We affirm the judgment.

The standards by which we test the sufficiency of the evidence are well established and are found in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

Christopher Gonzalez, the owner of New Meaning Drywall, discovered that some checks on his business account were missing. Thereafter, he closed his account.

On May 25, 2006, Lance Branscum delivered an order of pizzas to an apartment. Appellant answered the door but only wide enough to accept the pizzas and give Branscum a check. The check was written against the closed account of Christopher Gonzalez and had on its face the name "C. Michael Gonzalez d/b/a New Meaning Drywall." The address of the drywall business also appeared on it. Apparently because the instrument contained the endorsement of a "Michael Gonzalez," appellant told Branscum that it was from his roommate. However, the actual account owner testified that he did not know appellant; thus it could be rationally inferred that he was not appellant's roommate.

Branscum did not ask for identification but instead returned to his vehicle. So too did he observe that the address on the check was not that of the location at which he delivered the pizzas. Consequently, he called the telephone number on the check and reached C. Michael Gonzalez (the actual account owner) who told Branscum that he did not order any pizzas.

Appellant was charged with forgery with intent to defraud and harm another by passing a forged writing knowing such writing to be forged.[1] *See* TEX. PEN. CODE ANN. §32.21(a)(1)(B) and (b) (Vernon Supp. 2006). Before us, he does not challenge the sufficiency of the evidence to show that he passed a forged writing, but questions whether the State proved he knew it to be forged.

Authority illustrates that from evidence of a defendant making an affirmative, false statement explaining how he obtained the instrument, a jury can rationally conclude,

---

[1]The State established through its own expert handwriting witness that appellant was not the maker of the check.

beyond all reasonable doubt, that he had knowledge of the instrument's forged nature. *See Williams v. State,* 688 S.W.2d 486, 490 (Tex. Crim. App. 1985); *see also Colburn v. State,* 501 S.W.2d 680, 682 (Tex. Crim. App. 1973) (holding that false representations as to the maker or origin of the check constitute sufficient evidence to prove knowledge the check is forged); *Golden v. State*, 475 S.W.2d 273, 274 (Tex. Crim. App. 1971) (holding that the evidence was sufficient to prove knowledge of its forged nature when the defendant possessed and passed the forged check and falsely represented that he obtained it from a specific person). Here, the check appeared to be executed by Michael Gonzalez of New Meaning Drywall. The maker, according to appellant, was his roommate. Yet, the address appearing on the check was not that of the location whereat appellant was found. Moreover, C. Michael Gonzalez of New Meaning Drywall testified that he did not know appellant. From this, and the teachings of *Williams*, *Colburn*, and *Golden*, we conclude that the evidence was sufficient to permit a rational jury to conclude beyond reasonable doubt that appellant knew the check given Branscum was forged.

As to the factual sufficiency of the evidence, none of the police officers investigating the crime remembered Branscum telling them that appellant had said his roommate wrote the check. Nevertheless, the credibility of Branscum was for the jury to resolve, and we find no basis on which to overturn its resolution of that issue. If believed, the evidence was both legally and factually sufficient to sustain the conviction.

The judgment of the trial court is affirmed.


Per Curiam

Do not publish.


3