COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-451-CR

KARL FITZGERALD WALKER APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

In one issue, Appellant Karl Fitzgerald Walker contends that the trial court erred by not striking evidence of an unadjudicated forgery offense during the punishment phase of trial. 

II. Factual and Procedural History

Appellant was convicted of robbery causing bodily injury after he attempted to steal a woman’s purse in the parking lot of a local mall on August 21, 2004.  At the punishment phase of trial, Appellant pled true to the enhancement count, making the offense punishable as a first degree felony.   The State then offered testimony of three individuals to prove an unadjudicated forgery charge. 
 
Amanda Brown, an employee of First Bank and a former bank teller, identified State’s Exhibit 14 as a check that she had cashed on April 14, 2005.  The check was made out to Appellant and bore his endorsement and also contained his thumb print.  The check was drawn on the account of JBI Electrical Systems, Inc. and was purportedly signed by JBI’s owner, Jacky Martin.  Martin testified that while the check resembled the checks issued by his company, it did not bear the company logo.  He denied authorizing or signing the check and stated that he did not know anyone named Karl F. Walker.  The last witness was Tammy McLean, a fingerprint examiner, who testified that the fingerprint on the check matched Appellant’s fingerprints.  At no time did Appellant object to any of the testimony offered by the State, request conditional admission, or request a contemporaneous limiting instruction regarding the jury’s consideration of the evidence. 

After the State rested its punishment case-in-chief, Appellant moved the trial court to strike all of the witness testimony regarding the alleged forgery on the basis that the State failed to prove all of the elements of forgery beyond a reasonable doubt.  The trial court overruled the motion.  The trial court instructed the jury in the jury charge that they could not consider evidence of an extraneous act unless they believed beyond a reasonable doubt that Appellant had committed the extraneous act.  Subsequently, the jury assessed Appellant’s punishment at thirty-eight years’ confinement and a $3,000 fine.  The trial court sentenced Appellant
 
accordingly. 

III. Extraneous Offense or Bad Act Evidence at Punishment

In his sole point, Appellant contends that 
the trial court erred by not striking evidence of an unadjudicated forgery offense because the State failed to prove all of the elements of forgery beyond a reasonable doubt.  

A. Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999). 
 
The objection must be timely; that is, the defense must have objected to the evidence, if possible, before it was actually admitted.
  Ethington v. State
, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)
. 
 If this was not possible, the defense must have objected as soon as the objectionable nature of the evidence became apparent and must have moved to strike the evidence, that is, to have it removed from the body of evidence the jury is allowed to consider. 
 Id.  
The trial judge must have overruled the objection. 
 Id.
 

Global objections are not sufficiently specific to preserve arguments for appeal. 
 See Swain v. State
, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005).  It violates ordinary notions of procedural default for a court of appeals to reverse a trial court’s decision on a legal theory not presented to a trial court by the complaining party.  
Hailey v. State,
 87 S.W.3d 118, 122 (Tex. Crim. App. 2002). 
 Whether the specific grounds for the objection were apparent from the context of the objection is determined by looking at each situation individually as it arises.  
Heidelberg v. State
, 144 S.W.3d 535, 538 (Tex. Crim. App. 2004).
  Error is not waived when the grounds of the objection are obvious to the court or the opposing counsel.  
Eisenhauer v. State
, 754 S.W.2d 159, 161 (Tex. Crim. App. 1988).

In the case before us, the record shows that Appellant made no objections to any of the complained-of evidence as it was presented.  Instead, he waited until the State rested its punishment case-in-chief before moving to strike the testimony regarding the alleged forgery.  The State argues that Appellant’s objection was not preserved because Appellant failed to make a timely objection.  We disagree.  For an objection to be timely 
the defense must have objected to the evidence, 
if possible
, before it was actually admitted.
  
See Ethington
, 819 S.W.2d at 858.  In this case, a contemporaneous objection was not possible because Appellant’s entire objection was based on the argument that the witnesses’ cumulative testimony failed to establish all of the elements of forgery beyond a reasonable doubt.  Appellant could not have known whether the State proved all of the elements of forgery until the State had presented the evidence in its entirety.  Moreover, Appellant made his objection known to the trial court as soon as the objectionable nature of the cumulative evidence became apparent; that is, as soon as Appellant determined that the State failed to offer sufficient proof to establish the offense of forgery, Appellant made a motion to strike, alerting the trial court of the perceived insufficiency. 
 See id. 
 Thus, Appellant’s objection to the evidence was timely. 

The State further contends that Appellant’s objection was insufficient because it was not specific enough to preserve the complaint for appeal.  Specifically, the State argues that because Appellant failed to specify which elements the State failed to prove, the objection was too global and therefore insufficient to preserve error. 

Again, we disagree.  Error is not forfeited when the grounds for the objections were obvious to the trial court.
(footnote: 2)  
See Eisenhauer,
 754 S.W.2d at 161.  In reviewing the record, it is evident that the legal theory behind Appellant’s complaint was apparent to the trial court; indeed, in overruling Appellant’s motion to strike, the trial court stated that:

there is factually sufficient evidence the jury, if they choose to consider, could find [forgery] beyond a reasonable doubt.  Whether they choose or not is a matter of how they accept or weigh the evidence, but I think as a matter of law, which is the basis of your motion to strike . . . [t]hat the evidence is legally sufficient.  It’s whether the jurors accept the facts or not. 

The trial court’s remarks demonstrate that the grounds 
for the objection were apparent to the court. 
 
See Eisenhauer, 
754 S.W.2d at 161 (holding that error is not waived where the grounds of the objection are obvious to the court or opposing counsel). 
 Appellant’s objection was therefore sufficient to preserve error. 
 See Heidelberg
, 144 S.W.3d at 540.

B. Admission of the Forgery Evidence

The admissibility of evidence at punishment is guided largely by article 37.07, section three of the Texas Code of Criminal Procedure.  
Haley v. State
, 173 S.W.3d 510, 513 (Tex. Crim. App. 2005).  Under this section, the prosecution may offer evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt to have been committed by the defendant or for which he could be held criminally responsible. 
 
Tex. Code Crim. Proc. Ann.
 art. 37.07, § 3(a)(1) (Vernon Supp. 2007);
 Haley
, 173 S.W.3d at 515.  The court of criminal appeals has held that article 37.07's proof beyond a reasonable doubt requirement does not require the offering party to necessarily prove that the act was a criminal act or that the defendant committed a crime.  
Haley
, 173 S.W.3d at 515. 
 Rather, article 37.07 requires the burden of proof to be applied to a defendant’s involvement in the act itself, instead of the elements of a crime necessary for a finding of guilt.  
Id. 
 Therefore, before the trier of fact can consider the evidence in assessing punishment, it must be satisfied beyond a reasonable doubt that the prior acts are attributable to the defendant. 
 Id.

To establish the elements of forgery for a conviction, the State must prove that Appellant, (1) with intent to defraud or harm another, (2) possessed with intent to pass, (3) a forged writing, (4) knowing such writing to be forged, (5) and such writing had been altered so that it purported to be the act of another, who did not authorize the act. 
 See 
Tex. Penal Code Ann.
 § 32.21(a), (b) (Vernon 2003); 
Williams v. State
, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985).  The intent to defraud or harm another may be established by circumstantial evidence, and the burden is on the prosecution to prove each and every element of the offense charged.  
See
 
id. 
 
In the case of forgery, the culpable mental state requires proof of knowledge that the instrument is forged.  
Id. 

During the punishment phase of trial the State introduced testimony of three witnesses to establish the extraneous offense of forgery
. 
 
The cumulative testimony revealed that a check had been presented to First Bank on April 14, 2005.  The check was made out to Appellant and bore an endorsement by Appellant in his own name, and it contained his thumbprint, driver’s license number, and date of birth.
(footnote: 3)  The check was drawn on the account of JBI Electrical Systems, Inc. and was purportedly signed by JBI’s owner, Jacky Martin.  While the check resembled the checks issued by the company, it did not bear the company logo.  Martin denied authorizing or signing the check, and stated that he did not know anyone named Karl F. Walker and had not heard of any other people receiving checks from his company by accident.  We hold that this evidence is sufficient to prove beyond a reasonable doubt that the unadjudicated forgery offense was attributable to Appellant. 
 
See Haley
, 173 S.W.3d at 515.  The trial court therefore did not abuse its discretion by denying Appellant’s motion to strike.  Accordingly, we overrule Appellant’s sole issue. 

IV. Conclusion

Having overruled Appellant’s sole issue, we affirm the trial court’s judgment. 

BOB MCCOY 

JUSTICE 

PANEL A: HOLMAN, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: January 31, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
The State cites several cases where general objections were held not to preserve error on appeal.  
See
, 
e.g.
, 
Young v. State
, 183 S.W.3d 699, 704 (Tex. App.—Tyler 2005, pet. ref’d) (no “proper predicate”); 
Brown v. State
, 163 S.W.3d 818, 829 (Tex. App.—Dallas 2005, pet. ref’d) (“I object under [Rule] 702"); 
Reyna v. State
, 99 S.W.3d 344, 348 (Tex. App.—Fort Worth 2003, pet. ref’d) (“We will object to that.”); 
Cano v. State, 
3 S.W.3d 99, 109 (Tex. App.—Corpus Christi 1999, pet. ref’d) (“Objection, Your Honor. I ask
—
I move for a mistrial.”). 

3:
According to First Bank policy, all non-customers were required to be thumbprinted if they presented a check to be cashed.