



## MEMORANDUM OPINION

No. 04-08-00720-CR

Patricia Foster **SKELTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Real County, Texas
Trial Court No. 2004-CR-934-DR
Honorable Henry G. Schuble, Judge Presiding[1]

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice

Delivered and Filed: June 9, 2010.

AFFIRMED

Patricia Foster Skelton was convicted of forgery. The trial court sentenced her to one year in prison, but placed her on community supervision for two years. Skelton appeals the judgment, asserting the jury charge authorized conviction for a theory not contained in the indictment and trial counsel rendered ineffective assistance. We affirm the judgment of the trial court.

---

[1] Senior judge sitting by assignment.

## BACKGROUND

Skelton was an attorney who practiced in Leaky, Texas. Skelton was investigated for forgery related to a will she filed in probate court as her deceased client's purported last will and testament. Ultimately, the investigation concluded and the grand jury returned an indictment charging Skelton with one count of forgery. In pertinent part, the indictment alleged:

> [O]n or about May 30, 2003, [Skelton] did then and there, with intent to defraud or harm another, alter a writing so it purported to be the act of Ysidro Canales, who did not authorize the act, and said writing was a will of the tenor following: Last Will and Testament of Ysidro A. Canales filed of record in the Real County Probate Court . . . .

In the abstract portion of the jury charge, the judge included definitions of forgery by altering a document and forgery by passing a forged document. The application paragraph in the jury charge provided:

> Now, if you find from the evidence beyond a reasonable doubt that on or about May 30, 2003, in Real County, Texas, the defendant, Patricia Foster Skelton, did then and there, with intent to defraud or harm another, alter a writing so it purported to be the act of Ysidro Canales, who did not authorize the act, and said writing was a will of the tenor following: Last Will and Testament of Ysidro A. Canales filed of record in the Real County Probate Court, and the defendant Patricia Foster Skelton knew at the time she filed said document with the Real County Probate Court that it was a forged writing, then you will find the defendant Patricia Foster Skelton guilty of forgery as charged in the indictment.

Skelton did not object to the charge. Skelton was convicted of forgery and now appeals complaining of charge error and ineffective assistance of counsel.

### ENLARGEMENT OF THE INDICTMENT

Skelton contends the charge was defective because the application portion of the charge incorporated both forgery by altering a document and by passing a forged document. Skelton also

asserts the scope of the forgery indictment was expanded at trial by the State's arguments to the jury, witness testimony, and the jury charge.

In reviewing a claim of charge error, we must first determine whether error exists. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). If we find error, we must then determine whether the error caused sufficient harm to require reversal. *Hutch*, 922 S.W.2d at 171; *Almanza*, 686 S.W.2d at 171. The degree of harm necessary for reversal depends upon whether the error was preserved. *Almanza*, 686 S.W.2d at 171. Because Skelton did not object to the charge, she must demonstrate she suffered actual egregious harm; that is, the error must be so harmful that it affects the very basis of the case, deprived her of a valuable right, or vitally affected a defensive theory. *See Warner v. State*, 245 S.W.3d 458, 461-62 (Tex. Crim. App. 2008).

A jury charge may not enlarge the offense alleged and authorize the jury to convict a defendant on a basis or theory permitted by the jury charge but not alleged in the indictment. *Head v. State*, 299 S.W.3d 414, 439 (Tex. App.—Houston [14 Dist.] 2009, pet. ref'd). A person is to be tried only on the crimes alleged in the indictment. *Castillo v. State*, 7 S.W.3d 253, 258 (Tex. App.—Austin 1999, pet. ref'd).

The Texas Penal Code defines a forgery offense in several ways, two of which are relevant to our discussion—forgery by creating the forged document and forgery by passing the forged document. Section 32.21 of the Texas Penal Code defines the offense of forgery as:

> (A) to alter, make, complete, execute, or authenticate any writing so that it purports:

        (i) to be the act of another who did not authorize that act;
        (ii) to have been executed at a time or place or in a numbered sequence other than was in fact the case; or
        (iii) to be a copy of an original when no such original existed;

        (B) to issue, transfer, register the transfer of, pass, publish, or otherwise utter a writing that is forged within the meaning of Paragraph (A); or

        (C) to possess a writing that is forged within the meaning of Paragraph (A) with intent to utter it in a manner specified in Paragraph (B).

TEX. PENAL CODE ANN § 32.21(a) (Vernon Supp. 2009).

The indictment alleged Skelton committed the offense of forgery by altering a writing. Skelton contends the application paragraph also authorized a conviction for forgery by passing. We disagree.

The elements of forgery by altering a document are that a person (1) forges (2) a writing (3) with intent to harm or defraud another. *Ex parte Porter*, 827 S.W.2d 324, 327 (Tex. Crim. App. 1992). In order to prove the offense of forgery by passing, the State must show the defendant: (1) with intent to defraud or harm another (2) passed (3) a writing (4) that purported to be the act of another and (5) other persons did not authorize the act. TEX. PENAL CODE ANN. § 32.21 (Vernon Supp. 2009); *Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). Intent to defraud or harm requires proof of knowledge the instrument is forged. *Williams*, 688 S.W.2d at 488.

Here, the application paragraph authorized a conviction if the jury found Skelton "did then and there, with the intent to defraud or harm another, alter a writing." The application paragraph also included one element for the offense of forgery by passing—"Skelton knew at the time she filed said document with the Real County Probate Court that it was a forged document." However, the application paragraph did not contain the essential element that she **passed** the document. Therefore,

the charge did not authorize the jury to convict Skelton on a basis not alleged in the indictment.[2]
There was no error in the court's charge.

Skelton also contends the State enlarged the theory of guilt through counsel's opening
statement and closing argument to the jury and witness testimony. Citing *United States v. Robles-
Vertiz*, 155 F.3d 725 (5th Cir. 1998), Skelton argues the State improperly "constructively amended"
the indictment by arguing the theory of forgery by passing. Initially, we note Skelton cites no Texas
cases adopting the concept of "constructive amendment" of the indictment. Second, the court in
*Robles-Vertiz* stated that no constructive amendment occurs when "the indictment contained an
accurate description of the crime, and that crime was prosecuted at trial . . . ." *Id*. at 728 (quotations
and citations omitted). Here, the indictment charged Skelton with the offense of forgery by altering
a writing. The jury charge authorized the jury to convict only on that theory. Even if the
constructive amendment concept is recognized under Texas law, there was no constructive
amendment of the indictment.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Skelton contends she received ineffective assistance of counsel because her trial counsel:
(1) did not object to the State's comments in opening statement that expanded the theory of guilt
beyond the scope of the indictment; (2) failed to object to the State's references to Skelton's
invocation of her right to remain silent and right to counsel; (3) failed to object to testimony from
a fact witness as to his opinion of Skelton's guilt; (4) failed to object to certain evidence regarding
records from a gambling casino; (5) failed to object to the jury charge that expanded the theory of

---

[2] If anything, the charge increased the burden on the State by requiring the State to prove not only a forgery by altering a document, but added the additional element that she knew it was a forged document when she filed it in the probate court.

of guilt; and, (6) failed to object to improper jury argument by the State. Skelton argues the cumulative effect of these errors undermines the reliability of the verdict.

To establish ineffective assistance of counsel, a defendant must prove by a preponderance of evidence his trial counsel's performance was deficient and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To demonstrate deficient performance, the defendant must show counsel's performance fell below an objective standard of reasonableness. *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). We indulge a strong presumption that "counsel's conduct fell within a wide range of reasonable representation." *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). To overcome this presumption, the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 814. Furthermore, to show he was prejudiced by counsel's deficient performance, a defendant must "show a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is one sufficient to undermine confidence in the outcome." *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002)(footnotes and citations omitted). Failure to prove either deficient performance or prejudice is fatal to any complaint of ineffective assistance. *Strickland*, 466 U.S. at 700. The standard for reviewing trial counsel's performance does not mean the accused is entitled to errorless or perfect counsel. *Ex Parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). The record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *Bone*, 77 S.W.3d at 833.

Here, the record does not contain sufficient information to demonstrate ineffective assistance of counsel. First, we have determined the jury was not permitted to find her guilty of a theory not

alleged in the indictment, so there is no validity to Skelton's claim of ineffective assistance related to enlargement of the indictment.  As to the other complaints, there was no motion for new trial raising the claim of ineffective assistance and we have no explanation from trial counsel concerning his strategies or actions.  Because trial counsel's actions are presumed within the proper range of reasonable and professional assistance and the undeveloped record, Skelton did not meet her burden of proof to affirmatively demonstrate deficient performance by her trial counsel.

The judgment of the trial court is affirmed.


Steven C. Hilbig, Justice


DO NOT PUBLISH