NUMBER 13-10-00560-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

JOHNNY DAVIS,                                                                           Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 94th District Court

of Nueces County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Garza 

 

            A jury found
appellant Johnny Davis guilty of forgery, a state jail felony, see Tex. Penal Code Ann. § 32.21(d) (West
Supp. 2010), and imposed punishment of two years’ confinement in the Texas
Department of Criminal Justice–State Jail Division and a $897.42 fine.  See
id. § 12.35 (West 2003).  By a single issue, Davis contends the evidence is
insufficient to support the jury's verdict.  We affirm the trial court's
judgment. 

I.             
Background

            On June
2, 2009, a fraudulent check in the amount of $897 from Chase Bank was used to
purchase a pallet of tile from Surplus Warehouse.  The check was signed “Thomas
Penney.”  However, Thomas Penney testified at trial that he did not sign the
check or authorize anyone else to sign it.  The sale of the tile at Surplus
Warehouse was completed by a sales associate, Angel Villa.  At the time of the
purchase, the check was approved by Surplus Warehouse.  Around a month later,
it was flagged as fraudulent by Surplus Warehouse.  The detective assigned to
the case was Oscar Zepeda. 

A.     Thomas Penney

Thomas H. Penney
testified that he did not know Davis.  When asked if he could identify Davis in
court, Penney commented that he had never seen Davis before.  After reviewing
the fraudulent check, Penney testified that his name and address properly
appeared on the check.  However, he did not have an account with Chase Bank and
did not sign the check; someone forged it.  He became aware that his identity
had been stolen after several businesses contacted him about counterfeit checks
that were passed on June 1 and June 2, 2009. 

Penney testified that
he had never had his check book, driver’s license, or credit cards stolen
before.  He had never done business with Surplus Warehouse in the past.  He stated
that he had no idea who passed the counterfeit checks. 

B.     Oscar Zepeda

Zepeda testified that
he gathered information suggesting that Davis might be involved in the
counterfeit check passed at Surplus Warehouse.  He learned from the police
report filed by Surplus Warehouse that the clerk who received the counterfeit
check was Villa.  An investigation uncovered four individuals possibly
connected to the counterfeit check.  These suspects were organized into four
different randomized photo line ups by Detective Zepeda.  The photo lineup was
shown to Villa three months after the check was written; Villa was able to
positively identify Davis as the person who had given him the counterfeit
check. 

C.     Angel Villa

Villa testified that
he recalled the approximate time of day that the transaction took place.  Villa
said that at the time the check was tendered, it was processed through a “check
reader” and was approved.  A month after the transaction, the manager of
Surplus Warehouse alerted Villa that the check was counterfeit.  When
approached by Detective Zepeda, Villa made a positive photo identification of
Davis.  Villa also identified Davis in court. At the time of the purchase,
Villa inspected a driver’s license from Davis which matched the identity on the
counterfeit check.  Villa testified that he was certain that Davis passed the
check for the purchase of the tile. 

II.           
SUFFICIENCY
OF THE EVIDENCE

A.  
  Standard
of Review

Davis contends the
evidence is legally and factually insufficient to support his conviction.  We
disagree. 

The court of criminal
appeals has recently held that there is “no meaningful distinction between the Jackson
v. Virginia legal sufficiency standard and the Clewis factual
sufficiency standard” and that the Jackson standard “is the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v State,
323 S.W.3d 893, 902-03, 913 (Tex. 2010) (plurality op.) (citing Jackson v.
Virginia, 443 U.S. 307, 319 (1979)).  Accordingly, we review claims of
evidentiary sufficiency under “a rigorous and proper application of the Jackson
standard of review.”  Id. at 906-07, 912.  

Under the Jackson
standard, “the relevant question is whether, after viewing the evidence in the
light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Jackson,
443 U.S. at 307; see Brooks, 323 S.W.3d at 898-99 (characterizing
the Jackson standard as:  “Considering all of evidence in the light most
favorable to the verdict, was a jury rationally justified in finding guilt
beyond a reasonable doubt”). 

We measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge.  Coleman v. State, 131 S.W.3d 303,
314 (Tex. App.–Corpus Christi 2004, pet. ref’d) (citing Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  “Such a charge [is] one that
accurately sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State's
theories of liability, and adequately describes the particular offense for
which the defendant was tried.”  Villarreal v. State, 286 S.W.3d 321,
327 (Tex. Crim. App. 2009) (quoting Malik, 953 S.W.2d at 240).  The
State was required to prove beyond a reasonable doubt that Davis (1) with
intent to defraud or harm another, (2) passed (3) a writing (4) that purported
to be the act of another [Penney] (5) who did not authorize the act.  Tex. Penal Code Ann. § 32.21(a), (b); see
Williams v. State, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985).  

B.  
  Discussion

Davis’s challenge to
the sufficiency of the evidence is limited to the issue of identity. 
Specifically, Davis contends that, “the state failed to elicit sufficient
evidence proving that defendant was the person who passed the forged check.”  Davis
points to the fact that Villa’s identification of him came three months after
the check was passed and to the absence of any other witnesses linking Davis to
the check.  We disagree.

The statute does not
require a gallery of accusers; rather, one witness who can link the accused to
the crime is sufficient.  See Aguilar v. State, 468 S.W.2d 75, 77 (Tex.
Crim. App. 1971) (holding that the testimony of one eyewitness alone is
sufficient to support jury’s verdict); Leadon v. State, 332 S.W.3d 600,
607 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (same); Pitte v. State,
102 S.W.3d 786, 794 (Tex. App.–Texarkana 2003) (same).  Here, Villa’s testimony
identified Davis as the individual who presented the fraudulent check. 
Although Villa’s identification of Davis came three months after the purchase,
he positively identified Davis when presented with a photo lineup.  Villa also
recalled the time of day when the incident took place, which permits a reasonable
inference that his memory of the events was accurate.  Moreover, there was no
controverting evidence presented that cast doubt on Villa’s testimony.  Thus,
Villa’s lone testimony was sufficient to support the verdict.  See Aguilar,
468 S.W.2d at 77.

Examining the
evidence in the light most favorable to the verdict, we conclude that a
rational trier of fact could find Davis guilty of felony forgery beyond a
reasonable doubt.  See Brooks, 323 S.W.3d at 898-99.  The evidence was
therefore legally sufficient.  We overrule Davis’s issue. 

III.          
CONCLUSION

            We affirm
the trial court’s judgment. 

                                                                                                

                                                                                                DORI
CONTRERAS GARZA

                                                                                                Justice

 

Do
not Publish. 

Tex. R. App. P.
47.2(b)

Delivered and
filed the 

30th day of
June, 2011.