PD-1663-14

PD-1663-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/22/2014 11:42:00 AM
Accepted 12/29/2014 11:52:56 AM
ABEL ACOSTA
CLERK

In the
Court of Criminal Appeals of Texas

Cause No. 14-13-00847-CR
In the
Court of Appeals for the Fourteenth District of Texas
at Houston

Cause No. 1352314
In the 176th District Court
Of Harris County, Texas

LISA HUNTER
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

PETITION FOR DISCRETIONARY REVIEW

Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800
Casey.garrett@sbcglobal.net

FILED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

## IDENTITY OF PARTIES AND COUNSEL

Counsel for Appellant at Trial:
> Crespin M. Linton
> Texas Bar No. 12392850
> Lloyd M. Corpening
> Texas Bar No. 04858400
> The Lyric Centre
> 440 Louisiana, Ste 900
> Houston, Texas 77002
> 713-236-1319

Counsel for Appellant on Appeal:
> Casey Garrett
> 1214 Heights Boulevard
> Houston, Texas 77008
> Texas Bar No. 00787197
> 713-228-3800

Counsel for the State at Trial:
> Jill Foltermann, Texas Bar No. 24055492
> Ed McClees, Texas Bar No. 2403279
> Assistant District Attorneys
> 1201 Franklin
> Houston, Texas 77002
> 713-755-5800

Counsel for the State on Appeal:
> Harris County District Attorney's Office
> Appellate Division
> 1201 Franklin, Suite 600
> Houston, Texas 77002
> (713) 755-5800

Trial Judge: The Honorable Stacey W. Bond

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................... 2

TABLE OF CONTENTS ....................................................................... 3

INDEX OF AUTHORITIES ................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT ................................ 5

STATEMENT OF THE CASE ............................................................... 5

STATEMENT OF PROCEDURAL HISTORY ......................................... 5

QUESTION PRESENTED FOR REVIEW ............................................... 6

PRAYER ............................................................................................. 8

CERTIFICATE OF COMPLIANCE ........................................................ 9

CERTIFICATE OF SERVICE ............................................................... 10

# INDEX OF AUTHORITIES

**Cases**

*Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1973) ......... 8

*Hammer v. State,* 296 S.W.3d 555 (Tex. Crim. App. 2009) ........................... 8

*Santellan v. State,* 939 S.W.2d 155 (Tex. Crim. App. 1997) ........................ 8

**Rules**
Tex. R. Evid. 608(b) & 613(b) ...................................................................... 8

**Constitutional Provisions**
U.S. Const. Amend. V .................................................................................. 8

## STATEMENT REGARDING ORAL ARGUMENT

Ms. Hunter requests oral argument.

## STATEMENT OF THE CASE

Ms. Hunter was charged by indictment with the felony offense of tampering with a governmental document (C.R. 7). In particular, she was charged with unlawfully, intentionally and knowingly presenting a governmental record, namely "Temporary Texas Department of Public Safety Permit," with knowledge of its falsity and with the intent to defraud and harm another (C.R. 7). Ms. Hunter pled not guilty to the indictment and the case was tried before a jury (R.R.3 – 3). The jury found Ms. Hunter guilty as charged in the indictment (R.R.4 – 13). Thereafter, the jury assessed punishment at confinement for nine years in the Institutional Division of the Texas Department of Criminal Justice (C.R. 129). Ms. Hunter timely filed notice of appeal.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals filed a memorandum opinion affirming the conviction on December 9, 2014. No motion for rehearing was filed. Pursuant to Rule 68.2 of the Texas Rules of Appellate Procedure, this

5

Petition for Discretionary Review should be filed thirty days after the day the court of appeals filed its opinion.

## QUESTION PRESENTED FOR REVIEW

If a criminal defendant exercises her Fifth Amendment right not to testify at trial to avoid the introduction of her prior criminal history and the State introduces it anyway, has her Fifth Amendment right been rendered ineffective?

## ARGUMENT

If a criminal defendant exercises her Fifth Amendment right not to testify at trial to avoid the introduction of her prior criminal history and the State introduces it anyway, has her Fifth Amendment right been rendered ineffective?

During its case-in-chief, the prosecutor asked Mike Mauldin, an investigator for the D.A.s Office if he ran a criminal history check on Ms. Hunter during his investigation. He affirmed that he did (R.R.3 – 64-65). The prosecutor asked him if the search showed that Ms. Hunter had a criminal conviction (R.R.3 – 65). Counsel for the defense objected and the court overruled the objection. The investigator was permitted to testify that Ms. Hunter had a previous criminal conviction unrelated to the charge she was defending at trial (R.R.3 – 65).

Rule 404(b) prohibits the admission of evidence of extraneous offenses committed by the defendant to prove that, on the occasion in question, the defendant acted in conformity with the character demonstrated

6

by the other bad acts. *Santellan v. State*, 939 S.W.2d 155, 168 (Tex. Crim. App. 1997). If a defendant chooses to testify, however, the State may introduce evidence of extraneous offenses to impeach the defendant's testimony, under certain circumstances. Tex. R. Evid. 608(b) & 613(b); *Hammer v. State*, 296 S.w.3d 555, 562 (Tex. Crim. App. 2009) (quoting *Davis v. Alaska*, 415 U.S. 308, 316, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1973)).

In its opinion, the court below stated that appellant cited no authority to support her argument. To the contrary, appellant cited the United States Constitution, the Rules of Evidence and at least two opinions from this Court in support of her position.

The Fifth Amendment to the United States Constitution gives all defendants the right to be free from self-incrimination. U.S. Const. Amend. V. As such, the Constitution prevents the prosecution from compelling the testimony of the accused in a trial for a criminal offense. In practical terms, many defendants opt to exercise their Fifth Amendment right not to testify because they know that if they *do* testify, the State will be permitted to cross-examine them about prior convictions that otherwise could not come in at trial.

7

Ms. Hunter opted not to testify for precisely this reason. Her counsel objected to the introduction of her prior conviction on the basis that the State cannot compel her to be a witness against herself. By introducing the prior conviction in the absence of her testimony, the State and the court rendered her Fifth Amendment right not to testify ineffective. Ms Hunter's prior convictions were irrelevant to the case at bar and should not have been introduced by the State. Her conviction should be overturned and the case should be remanded for a new trial.

## PRAYER

Appellant respectfully prays this Honorable Court to grant his petition for discretionary review.

Respectfully submitted,

____/s/Casey Garrett____
Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800

## CERTIFICATE OF COMPLIANCE

This is to certify that the petition for discretionary review has 1,272 words in compliance with Rule 9 of the Texas Rules of Appellate Procedure.

_____/s/Casey Garrett_____
Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800
Casey.garrett@sbcglobal.net

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing instrument has been sent

through the e-file system to the following party:

Harris County District Attorney's Office
Appellate Division
1201 Franklin, Suite 600
Houston, Texas 77002

_____/s/Casey Garrett_____
Casey Garrett
Texas Bar No. 00787197
1214 Heights Blvd.
Houston, Texas 77008
713-228-3800
Casey.garrett@sbcglobal.net

December 9, 2014



# JUDGMENT

## The Fourteenth Court of Appeals

LISA HUNTER, Appellant

NO. 14-13-00847-CR        V.

THE STATE OF TEXAS, Appellee

---

This cause was heard on the transcript of the record of the court below. Having considered the record, this Court holds that there was no error in the judgment. The Court orders the judgment **AFFIRMED**.

We further order this decision certified below for observance.

Affirmed and Memorandum Opinion filed December 9, 2014.



In The

# Fourteenth Court of Appeals

## NO. 14-13-00847-CR

### LISA HUNTER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1352314**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Lisa Hunter guilty of tampering with a governmental record with the intent to defraud or harm another and assessed punishment at nine years' imprisonment. Appellant contends that the trial court erred in admitting evidence of a previous conviction and that the evidence is insufficient to support her conviction. We affirm.

## FACTUAL BACKGROUND

Appellant and Jeanne Skipwith met at a mental health facility where Skipwith was living and the appellant was employed as a cook. Skipwith eventually moved out of the facility and into an apartment, where appellant lived with her for some period of time.

In December 2011, appellant was hired as a saleswoman by David McDavid Honda, a car dealership in Houston. Appellant filled out the new employee paperwork using Skipwith's name, and presented as identification Skipwith's Social Security card and a Texas Department of Public Safety temporary driving permit issued with Skipwith's name and appellant's picture. Appellant also identified herself as Jeanne Skipwith with coworkers and management while at the dealership.

At some point, police received a Crime Stoppers tip concerning a possible identity theft case involving appellant, who was identified as working at David McDavid Honda. A police investigation revealed that the appellant and Skipwith were two different people, that both were affiliated with the mental health facility, and that appellant had presented the temporary driving permit, a governmental record, to the dealership when she applied for employment. In June 2012, police arrested the appellant at the dealership as she was attempting to collect a paycheck. Appellant initially identified herself to police as Jeanne Skipwith, but then admitted she was Lisa Hunter.

## ANALYSIS OF THE ISSUES

In two issues, appellant contends that the trial court erred in allowing evidence that she had a previous conviction, even though appellant did not testify in her defense, rendering her Fifth Amendment right not to testify ineffective. Appellant also contends that the evidence is insufficient to support her conviction because there is no evidence she acted with the intent to defraud or harm another.

2

## I. Admission of Evidence of Previous Conviction

Among the State's witnesses at trial was Mike Mauldin, an investigator for the District Attorney's Office. The prosecutor asked Mauldin if he had run the type of criminal background check that a civilian could run on the name Lisa Hunter, as the prosecutor had previously requested. Mauldin confirmed that he had done so and explained the steps he took to search online. The prosecutor asked him if the search showed that the appellant had a criminal conviction. Over defense counsel's objection based on "the Fifth Amendment right to testify and hearsay," Mauldin answered affirmatively. The nature of the conviction was not specified.

On appeal, appellant contends the admission of this evidence vitiated her Fifth Amendment right to be free from self-incrimination. *See* U.S. Const. amend. V ("No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."). Appellant reasons that although Texas Rule of Evidence 404(b) prohibits the admission of evidence of extraneous offenses to prove that a defendant acted in conformity with that conduct, the State may, in certain circumstances, introduce such evidence to impeach the defendant's testimony if the defendant chooses to testify. *See* Tex. R. Evid. 608(b), 613(b). As a practical matter, appellant argues, many defendants opt to exercise their Fifth Amendment right not to testify because they know that if they do testify, the State will be permitted to cross-examine them about prior convictions that otherwise would be inadmissible. Because appellant decided to exercise her right not to testify in this case, she concludes that the evidence of her previous conviction was irrelevant and consequently its admission "rendered her Fifth Amendment right not to testify ineffective."

The State argues that the evidence of appellant's previous conviction was admissible under Rule 404(b) to explain why appellant used Skipwith's name to get a job. At trial, the State presented testimony that David McDavid Honda performs

3

criminal background checks before hiring salespeople and would not have offered a job to appellant if appellant's criminal record had come to light. *See* Tex. R. Evid. 404(b) (evidence of extraneous offenses may be admissible for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident"); *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009) (holding extraneous offense evidence need not fit within one of the laundry-list exceptions in Rule 404, but proponent of evidence must show a relevant non-character basis for its admission). As the State points out, appellant's exercise of her Fifth Amendment right against self-incrimination to avoid discussing her prior convictions does not determine whether the evidence may be admissible through another witness. Additionally, appellant cites no authorities in support of her argument, and we are aware of none. Accordingly, we reject appellant's argument that the trial court erred in admitting the evidence of her previous conviction on the asserted Fifth Amendment grounds and overrule appellant's first issue.

## II. Sufficiency of the Evidence

In her second issue, appellant contends that the evidence is insufficient to support her conviction because there was no evidence that she acted with intent to harm or defraud David McDavid Honda.

In a legal sufficiency review, we examine all the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard of review applies to cases involving both direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Although we consider all of the evidence presented at trial, we do not substitute our judgment regarding the weight and credibility of the evidence for that of the fact

4

finder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We presume the jury resolved conflicting inferences in favor of the verdict, and defer to that determination. *Clayton*, 235 S.W.3d at 778. We also determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.*

Appellant was charged with intentionally and knowingly presenting a governmental record, namely, the Texas Department of Public Safety temporary driving permit, with knowledge of its falsity and, further, that her actions were done with the intent to defraud or harm another. *See* Tex. Penal Code § 37.10. The additional requirements that an accused's actions involve a specific type of document and were done with the intent "to defraud or harm another" elevate the felony from third degree to second degree. *Id.* § 37.10(c)(2)(A).

Neither the Penal Code nor the court's charge defines what it means to "defraud" another.[1] Appellant, citing generally to two dictionaries, argues that to be convicted, she had to have intended to either harm someone or "to trick or cheat them out of money." Applying this definition, appellant contends that no evidence establishes that she defrauded the dealership out of money.

Generally, undefined statutory terms are to be understood as ordinary usage allows, and jurors may freely read statutory language to have any meaning which is acceptable in common parlance. *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011). Consistent with this general rule, the State argued at closing that the jurors were entitled to use their common sense when determining what the undefined term "defraud" meant. Further, courts have recognized that "intent to defraud" has been

---

[1] Although "defraud" was undefined, the court's charge defined "harm" to mean "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." *See* Tex. Penal Code § 1.07(a)(25).

5

defined as "the intent to cause another to rely upon the falsity of a representation, such that the other person is induced to act or to refrain from acting." *See Wingo v. State*, 143 S.W.3d 178, 187 (Tex. App.—San Antonio 2004), *aff'd*, 189 S.W.3d 270 (Tex. Crim. App. 2006); *Martinez v. State*, 6 S.W.3d 674, 678 (Tex. App.—Corpus Christi 1999, no pet.). Therefore, we disagree with appellant's suggestion that the term "defraud" must be narrowly defined to require that the defendant have intended to trick or cheat someone out of money.

To support her evidentiary challenge, appellant points to the testimony of the investigating officer and the dealership's controller. The officer testified that he had no knowledge whether the dealership was harmed or defrauded, and commented that such a question would have to be directed to the people at the dealership. The dealership's controller, Michelle Norris, testified that appellant was hired as a sales associate, she sold cars at the dealership, and she was paid a commission for her sales. Norris also testified that to her knowledge, the dealership had not been harmed or defrauded, nor did the dealership lose any money. Consequently, appellant argues, no rational jury could have found that she was guilty of the charged offense. *See Geick v. State*, 349 S.W.3d 542, 548 (Tex. Crim. App. 2011) (defendant indicted for theft by deception acquitted when State proved appellant committed theft but failed to produce any evidence of deception).

The intent to defraud or harm another may be established by circumstantial evidence such as acts, words, and the conduct of appellant. *See Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004); *Williams v. State*, 688 S.W.2d 486, 488 (Tex. Crim. App. 1985). As discussed above, appellant had a previous criminal conviction at the time she applied for the job with David McDavid Honda. Norris testified that David McDavid Honda performs a criminal background check on all applicants for employment, and those applicants who have a criminal background are not eligible for

employment. Viewing the evidence in the light most favorable to the verdict, the jury could have found that appellant intended to harm or defraud David McDavid Honda by falsely claiming to be Jeanne Skipwith to induce the dealership to rely on that false identity to offer her employment for which she would not have otherwise been eligible.[2] *See Tottenham v. State*, 285 S.W.3d 19, 24–25 n.11, 28–29 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (holding circumstantial evidence supported conviction of constable who presented county judge with falsified training certificates to maintain his position even though county judge testified that he had not been personally harmed and the county had not been sued as a result of the constable's actions).

Therefore, we conclude that the evidence is sufficient to support appellant's conviction and we overrule appellant's second issue.

## CONCLUSION

We overrule appellant's issues and affirm the trial court's judgment.

/s/     Ken Wise
Justice

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[2] Even accepting appellant's proposed definition of "defraud" to mean tricking another out of money, the jury could have concluded that getting a job—which pays money—under false pretenses is tricking someone out of money. In this case, the dealership paid appellant to work as a sales associate, a position she would not have obtained but for her deception.